UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE WILLIAMS, | No. 2:24-cv-02148 SCR P |
| Plaintiff, | |
| v. | ORDER |
| TRIMPEY, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915 and submitted a declaration showing that he cannot afford to pay the entire filing fee. (ECF No. 9.) Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

Also before the undersigned is plaintiff's motion to amend and second amended complaint ("SAC") for screening. (ECF No. 13.) Plaintiff's motion to amend is granted. See Fed. R. Civ. P. 15(a)(2). However, plaintiff's SAC fails to state any cognizable claims for relief. Plaintiff will be given the option to file a third amended complaint consistent with the instructions below.

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S SAC**

Plaintiff's SAC, which accompanies his motion to amend, is difficult to follow. It primarily consists of citations to caselaw and explanatory summaries of those authorities. As a result, the undersigned cannot readily distinguish the factual allegations underlying plaintiff's claims from those comprising plaintiff's extensive caselaw summaries.

However, liberally construing the SAC, plaintiff appears to allege three claims related to

1  his state criminal proceedings.  First, the SAC appears to allege ineffective assistance of counsel
2  against an unnamed defendant.  (ECF No. 13 at 2-6.)  Plaintiff's counsel allegedly failed to file
3  fact-finding motions and raise critical objections, such as contesting the prosecution's use of
4  unlawfully obtained GPS evidence and a three-person lineup. (Id. at 5-6.)  Second, plaintiff
5  alleges that a Detective Mohammad advised deputies to seize and search plaintiff's cell phone
6  and two tablets in violation of the Fourth Amendment and "the good faith exception to the
7  exclusionary rule."  (ECF No. 13 at 2-3.)  Because the SAC does not expressly name Mohammad
8  as a defendant, and plaintiff faults his counsel for not objecting to the evidence obtained by
9  Mohammad, it is not clear whether these allegations are part of the ineffective assistance of
10 counsel claim or a standalone Fourth Amendment claim against Mohammad.  Finally, plaintiff
11 alleges his bail posted at $750,000 was excessive in violation of the Eighth Amendment.  (Id. at
12 8-9.)  As a result of these violations, plaintiff seeks damages in an amount of $1.335 million
13 dollars.

**DISCUSSION**

I.   **Failure to State a Claim**

For the reasons set forth below, plaintiff's SAC fails to state any cognizable § 1983 claims for relief.

A.  **Federal Rule of Civil Procedure 8**

First, plaintiff's SAC fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 555 (citation omitted).  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

Plaintiff's SAC, however, does not identify any defendants let alone those acting under color of state law.  Plaintiff's allegedly ineffective counsel is not named.  The two defendants appearing on the caption page, Trimpey and Warren, do not appear elsewhere in the SAC.  It is

ambiguous whether Detective Mohammad, who allegedly directed deputies to search and seize plaintiff's property in violation of the Fourth Amendment, is a defendant. Even if the undersigned were to construe the SAC as alleging a Fourth Amendment unlawful search and seizure claim against Mohammad, the factual allegations are too conclusory to survive screening. See Iqbal, 556 U.S. at 678. On these bases alone, plaintiff's SAC must be dismissed pursuant to Rule 8 and 28 U.S.C. § 1915A(b)(1).

The undersigned suspects plaintiff intended to incorporate allegations from his original and first amended complaints into the SAC.[2] Unlike his SAC, plaintiff's original complaint and first amended complaint had sections identifying the defendants and claims for relief. Plaintiff is informed that the court will not refer to a prior pleading to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).

### B. Ineffective Assistance of Counsel (42 U.S.C. § 1983)

The undersigned liberally construes plaintiff's SAC as alleging a § 1983 ineffective assistance of counsel claim under the Sixth Amendment. Rule 8 deficiencies aside, plaintiff's claim fails as a matter of law. Claims for ineffective assistance of counsel are not recognized under § 1983, despite the statute's "literal applicability" to the Sixth Amendment, because specific appellate and habeas statutes apply. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983."); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under § 1983 is precluded under Heck v. Humphrey, 512 U.S. 477 (1994)).

Moreover, while it is not clear from the face of the SAC whether plaintiff's counsel was court-appointed, plaintiff is advised that a court-appointed attorney is not a person who acts

---

[2] Plaintiff amended both complaints before the undersigned conducted the screening required by 28 U.S.C. § 1915A.

4

"under color of law" within the meaning of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). When a public defender is "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a § 1983 claim does not lie. Id. Accordingly, plaintiff's ineffective assistance of counsel claim is not cognizable under § 1983 and must be dismissed.

### C. Eighth Amendment Excessive Bail

Plaintiff also alleges that his bail set at $750,000 was excessive in violation of the Eighth Amendment. Bail is excessive in violation of the Eighth Amendment when it is set higher than an amount reasonably calculated to ensure the government's asserted interest in setting bail at that level. United States v. Salerno, 481 U.S. 739, 754 (1987); Galen v. Cnty. of L.A., 477 F.3d 652, 661 (9th Cir. 2007). A pretrial detainee's claim of excessive bail must be brought via petition for habeas corpus because it challenges the fact of the detainee's current confinement. However, after conviction, such a habeas claim becomes moot (because bail can no longer be granted) and gives rise to a now viable § 1983 action for damages. Hill v. Bonta, No. 2:24-cv-2884 EFB PC, 2024 WL 4989458, at *2 (E.D. Cal. Dec. 5, 2024) (collecting cases), report and recommendation adopted, No. 2:24-cv-2884 DJC EFB PC, 2025 WL 959086 (E.D. Cal. Mar. 31, 2025).

The SAC does not state a cognizable Eighth Amendment claim because plaintiff does not name a defendant responsible for setting his bail. Because plaintiff appears to be post-conviction, the undersigned will dismiss this claim without prejudice and grant leave to amend. However, to the extent plaintiff intended to name the judge and prosecutors involved in his state court criminal proceeding, plaintiff is advised that absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). The protections of absolute immunity extend to qualifying state officials sued for damages under § 1983. Id. at 923.

Plaintiff is further advised that the immunity of judges and prosecutors is only subject to certain limitations. "A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); see also Reynaga Hernandez v. Skinner, 969 F.3d 930, 937 n.1 (9th Cir. 2020) ("A judge is not immune

for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, taken in the complete absence of all jurisdiction." (internal quotations and citations omitted)).  Similarly, state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (prosecutors are "fully protected by absolute immunity when performing the traditional functions of an advocate." (citing Imbler, 424 U.S. at 431)).

## II. Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not any cognizable claims for relief.  Because of these defects, the court will not order the complaint to be served on defendants.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

Plaintiff's Sixth Amendment ineffective assistance of counsel claim fails as a matter of law and cannot be cured by amendment.  Therefore, plaintiff will not be granted leave to amend that claim.  However, because plaintiff is proceeding pro se and has yet to have his claims screened pursuant to 28 U.S.C. § 1915A, the undersigned will grant leave to amend the remaining claims consistent with the following directions.

First, to the extent plaintiff's Fourth Amendment claim challenges the constitutionality of his state court criminal conviction, success on that claim would necessarily imply that his conviction was invalid.  In that event, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487.  Therefore, if Plaintiff can allege that the criminal conviction underlying his claims has been

overturned, he must do so in his amended complaint to proceed on claims challenging the constitutionality of his state criminal proceedings. Second, plaintiff is granted leave to amend his excessive bail claim to the extent he is post-conviction and believes he can name defendants who are not immune.

Plaintiff must also demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is again reminded that that the court will not refer to a prior pleading to make his amended complaint complete. Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Finally, plaintiff is advised that Rule 8(a)(2) requires only a "a short and plain statement of the claim showing that the pleader is entitled to relief," and that he is not required to cite extensively to caselaw in his amended complaint.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is GRANTED and his earlier request to proceed in forma pauperis (ECF No. 2) is DENIED as moot.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's motion to amend (ECF No. 13) is GRANTED.

1  4. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and will not be served.

5. Within thirty (30) days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, **2:24-cv-02148 SCR P**, and must be labeled "**Third Amended Complaint.**"

6. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE