1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY LEE WILLIAMS,                    No.  2:24-cv-02148 SCR P

12              Plaintiff,

13         v.                                  ORDER and

14    TRIMPEY, et al.,                         FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17         Plaintiff is incarcerated in a county jail and proceeding pro se and in forma pauperis with

18    a civil rights action under 42 U.S.C. § 1983.  On July 21, 2025, the undersigned screened

19    plaintiff's complaint and found it failed to state any cognizable claims for relief.  (ECF No. 14.)

20    Plaintiff was granted thirty (30) days to file an amended complaint.  (Id. at 8.)  Plaintiff was

21    further advised that failure to file an amended complaint would result in the recommendation that

22    the action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Id.)

23         The time for plaintiff to amend his complaint has now passed, and plaintiff has not filed

24    an amended complaint or otherwise responded to the screening order.  Accordingly, the

25    undersigned recommends that the action be dismissed for failure to prosecute and failure to

26    comply with a court order.  See Fed. R. Civ. P. 41(b); Local Rule 110.

27         In recommending dismissal, the court has considered: "(1) the public's interest in

28    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1

1  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

2  (5) the availability of less drastic alternatives."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

3  Cir. 1992) (citation omitted).  "The public's interest in expeditious resolution of litigation always

4  favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The court's

5  need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload

6  in this District.  The third factor is neutral given no defendants have appeared, but "[u]nnecessary

7  delay inherently increases the risk that witnesses' memories will fade and evidence will become

8  stale."  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  The public policy favoring

9  disposition of actions on the merits weighs against dismissal, but when "standing alone … is not

10  sufficient to outweigh the other four factors."  Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th

11  Cir. 2006).  The undersigned has also considered less drastic alternatives and concludes that

12  dismissal without prejudice is appropriate.

13        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

14  assign a district judge to this matter.

15        In addition, IT IS RECOMMENDED that the action be dismissed without prejudice for

16  failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with a court order, Local Rule

17  110.

18        These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

20  after being served with these findings and recommendations, plaintiff may file written objections

21  with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

22  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

23  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

24  (9th Cir. 1991).

25  DATED: September 24, 2025

26

27  SEAN C. RIORDAN
    UNITED STATES MAGISTRATE JUDGE

28

2