UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LEE WILLIAMS,

Plaintiff,

v.

TRIMPEY, et al.,

Defendants.

No.  2:24-cv-02148 TLN SCR P

FINDINGS AND RECOMMENDATIONS

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  In the screening order dated July 21, 2025, the undersigned determined plaintiff's second amended complaint failed to state any claims for relief and granted him 30 days to amend.  ECF No. 14.  After plaintiff did not timely amend his complaint or otherwise respond to the order, the undersigned issued findings and recommendations that the action be dismissed without prejudice for failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with a court order, Local Rule 110.  ECF No. 16.  On October 24, 2025, the undersigned vacated the findings and recommendations and granted plaintiff's request for a 30-day extension of time to file an amended complaint.  On December 17, 2025, the undersigned granted plaintiff's request for an additional 60-day extension of time.  ECF No. 20.

More than 60 days have passed, and plaintiff has not filed an amended complaint or requested extensions of time to do so.  Accordingly, the undersigned recommends that the action be dismissed without prejudice for failure to prosecute, Fed. R. Civ. P. 41(b), and failure to

1

comply with a court order, Local Rule 110.

When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that plaintiff's complaint was screened out and defendant was not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter. The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2